IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DONALD R. CATHERMAN, JR.**                                                                                  **PLAINTIFF**

**V.**                                                         **CIVIL ACTION NO. 1:19-cv-394-KS-RHW**

**CITY OF POPLARVILLE, MISSISSIPPI**                                                                       **DEFENDANT**

## ORDER

This cause comes before the Court on the Motion to Set Aside Dismissal [54] filed by Donald R. Catherman, Jr. The City of Poplarville has responded [55], and Catherman filed a reply/rebuttal [56]. Having reviewed all of the parties' submissions, the record in this matter, and the relevant legal authority, and otherwise being duly advised in the premises, the Court finds that the motion is not well taken and will be denied for the reasons set forth herein.

On January 30, 2020, the Court dismissed Plaintiff's claims with prejudice. Plaintiff then filed a motion for reconsideration and motion for oral hearing, and both were denied. Plaintiff then filed an appeal, which was dismissed for want of prosecution on June 22, 2020. On December 15, 2022, Plaintiff filed a motion for writ of mandamus and motion to reopen case, which was also denied by this Court. On July 15, 2024, Plaintiff filed a motion to set aside dismissal, at issue here. Defendant filed its response, and Plaintiff filed a reply.

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion…under Rule 59(e) or…under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry

of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). Federal Rule of Civil Procedure 60 provides

> (b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.
> (c) TIMING AND EFFECT OF THE MOTION.
> (1) *Timing*. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

This Court dismissed Plaintiff's claims with prejudice and closed the case on January 30, 2020. Catherman's motion to set aside dismissal was filed on July 15, 2024. Because the motion at issue was filed about four and half years after dismissal of the case, Rule 60 applies and Rule 60(b) reasons (1), (2), and (3) are inapplicable. Further, the Court finds that Plaintiff has failed to adequately show grounds for relief under reasons (4), (5), and (6).

SO ORDERED AND ADJUDGED this 23rd day of August 2024.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE